**Fulton Dixon, Appellant, v. W. L. Million, Appellee.**

EVIDENCE—*what incompetent to show terms of contract of employment.* In order to establish the amount agreed to be paid for a particular service, it is not competent to permit evidence as to the terms of a settlement made by an employe with another employe for the performance of such services.

Assumpsit. Appeal from the Circuit Court of Moultrie county; the Hon. W. G. COCHRAN, Judge, presiding. Heard in this court at the May term, 1907. Reversed and remanded. Opinion filed April 21, 1908.

E. J. MILLER, for appellant.

A. J. MYERS, for appellee.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

This is a suit by appellee against appellant to recover an amount alleged to be due appellee for the

labor of himself and a helper in constructing a house for appellant. The suit was originally instituted before a justice of the peace, where appellee recovered a judgment against appellant for $31.25. Appellant did not appear before the justice and judgment was there rendered against him by default. Upon appeal to the Circuit Court, a trial by jury resulted in a verdict and judgment against appellant for $21.50.

The terms of the contract between appellee and appellant, whereby the former performed labor for the latter, are sharply controverted, and the number of days which appellee worked for appellant is also in dispute between the parties. Appellee testifies that appellant agreed to pay him $3.50 per day for the labor of himself and his helper, Bert Smith, and that he and his helper worked for appellant twenty-nine and one-half days. Appellant testifies that he agreed to pay appellee $3.25 per day for such labor and that appellee and his helper worked twenty-three and one-fourth days. If the contention of appellant is correct he has paid appellee in full for his services.

The evidence, as it appears in the record, preponderates in favor of appellant's contention and his version of the agreement with appellee, but in the absence of error in the admission of incompetent testimony we should not be disposed to hold that the verdict was so manifestly against the weight of the evidence as to require a reversal of the judgment.

Over the objection of appellant the witness, Bert Smith, who acted as appellee's helper in performing labor for appellant, was permitted to testify that appellee had settled with him upon the basis of twenty-nine and one-half days' labor at $3.50 per day. Appellant was not a party to the alleged settlement between appellee and Smith, and the testimony of Smith as to such settlement was without any probative value as to the terms of the agreement between appellant and appellee and the admission of such testimony was manifestly prejudicial to appellant.

For the error indicated the judgment will be reversed and the cause remanded.

*Reversed and remanded.*